## McDaniel's Estate.

Argued October 6, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Samuel H. Stewart*, with him *Richard W. Williamson*, for appellant.

*C. Jewett Henry*, with him *Swirles L. Himes*, for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, November 23, 1942:

An account was filed in the Orphans' Court by the administrator of Chester A. McDaniel. Exceptions to it were filed by his widow, Esther M. McDaniel. These exceptions stated that she had never received her exemption and that the account states a distribution of the entire balance shown, to the accountant, a son, and to two daughters. It is further set forth that the accountant had not charged himself with personal property belonging to the deceased, valued at more than $34,000. The exceptions, which were somewhat informally drawn, suggested a hearing before an auditor "or otherwise."

Following the filing of the exceptions, the administrator accountant presented a petition to the court, reciting the exceptions, setting forth in substance that the exceptant widow had deserted the deceased, and other matters not necessary here to be retailed. It alleged that the appointment of an auditor would involve the estate in expense in establishing that the widow had deserted the deceased, and therefore would not be entitled to share in the estate, and requested the court to order and decree, that the costs of the proposed audit be guaranteed by the exceptant, by giving a bond for the protection of the estate, pending the outcome of the litigation.

On this petition, a decree was entered, requiring the widow to file a bond in $1,000., to be approved by the court, conditioned for the payment of auditor's fee, witness fees and all the costs of audit, in the event she shall not prove her claim, and, upon the filing of the bond, an auditor would be appointed.

We are informed that the widow is impoverished, and unable to give the bond, and that the court's decree will deny her the right to present her claim and have her day in court.

We know of no authority for such a decree as the court made. We suggest to the court that it can save the expense of an audit by hearing the proceeding itself.

Decree reversed. Costs to await final determination.